IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHERRELL C. TOWNS, #B-20513, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 10-cv-264-JPG |
| | ) |
| REBECCA COWAN, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff, an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

1

> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds that Counts 1A, 1B, 2, 3, and 4 in the complaint may be dismissed as to some of the named Defendants at this point in the litigation, while Counts 1C and 2 survive as to some of the named Defendants.

**Facts**:

A contraband letter was found in Plaintiff's cell after a shakedown. Because the letter was determined to be a security threat, Plaintiff was issued a disciplinary ticket. Plaintiff was then interviewed by Defendant Cowan regarding the letter and its contents. Plaintiff refused to answer questions regarding the contents of the letter, even after being threatened by Defendant Cowan with disciplinary measures. Plaintiff invoked his right to silence, and was issued another disciplinary ticket from Defendant Cowan for impeding an investigation, to which Defendant Inman added charges of aiding and abetting, solicitation, and conspiracy based on the contents of the letter. After a hearing in which statements were used from a confidential source, Plaintiff was sentenced to segregation as well as other restrictions by Defendants J. Goforth and Lee. Defendants Cowan, Bauersachs, and John Doe #1 again questioned Plaintiff as to the contents of the letter, and Plaintiff again remained silent, prompting more threats of discipline.

While in segregation Defendant Neipert placed another inmate in the cell with Plaintiff as a cellmate, despite both inmates requesting to remain in individual cells. After both inmates were placed in the same cell, Plaintiff's cellmate declared a hunger strike, and when Defendants

Cobb and John Doe #2 came around during the 11:00 PM to 7:00 AM shift to deliver meals the cellmate physically blocked the door so that Defendants could not provide food to Plaintiff. Defendant Cobb instructed the cellmate to move, but when the cellmate refused Defendants Cobb and John Doe #2 continued on their rounds without successfully delivering a food tray to Plaintiff. The same situation occurred when Defendants Anderson and Mezo attempted to provide food trays to the cell during the 7:00 AM to 3:00 PM shift. Finally, during the 3:00 PM to 11:00 PM shift Plaintiff's cellmate was removed from the cell so that Plaintiff could be given a food tray.

      Plaintiff then filed a grievance (grievance 1) concerning the actions of Defendants Bauersachs, John Doe #1, Cowan, Inman, Neipert, Dunn, Mitchell, and Maue in relation to the incident. The grievance was not addressed by Defendant Suhre, so Plaintiff re-filed said grievance, which was ultimately denied by Defendant Suhre. Plaintiff filed a separate grievance (grievance 2) against Defendants Cobb, John Doe #2, Anderson, and Mezo concerning the same incident. This grievance was sent to Defendant L. Goforth, who did not respond. Plaintiff re-filed the grievance (grievance 2), this time sending it to the warden, who ultimately denied the grievance. Plaintiff then re-filed all grievances (grievance 3) with Defendant Spiller. Ultimately all of the said grievances were dismissed by Defendant Spiller as untimely.

      Some time later Plaintiff was escorted along with his cellmate by Defendants Roy and Davis to the shower room and instructed to take a shower. However, because there was only one shower head, and because Plaintiff's cellmate refused to allow Plaintiff to use it, Plaintiff was denied a shower while Defendants Davis, Roy, Anthony, Phillips, and Chandler looked on.

      Plaintiff filed a grievance (grievance 4) related to this incident, alleging that the named

Defendants were attempting to encourage homosexual behavior by placing the two inmates in the shower together, and sent it to the law library in the prison for copies. Plaintiff did not receive his copies until forty nine (49) days later, after which the appeal was denied. The day after Plaintiff's copies were returned to him, he was given a new cellmate, who Plaintiff believed to be a homosexual, by Defendants Neipert and Mezo. This incident lead Plaintiff to believe that the grievance he filed (grievance 4) had been read by the librarian Defendant Schorn, who informed Defendants Neipert and Mezo of its contents, which lead to the placement of Plaintiff's new cellmate. Plaintiff then filed a new grievance (grievance 5) concerning the reading of his previous grievance as well as the placement of the new inmate. This grievance (grievance 5) was sent to Defendants Suhre and L. Goforth, who did not respond.

**Discussion**:

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1: Retaliation**

Plaintiff claims that Defendants Cowan, Inman, Lee, J. Goforth, Neipert, Bauersachs, John Doe #1, Dunn, Mitchell, Maue, Cobb, John Doe #2, Anderson, Mezo, and Schorn each retaliated against him for various reasons. Each alleged cause for retaliatory action by the relevant Defendants will be examined below.

To succeed on a retaliation claim, an inmate must demonstrate that prison officials retaliated against him for exercising a constitutionally protected right. Morfin v. City of East Chicago, 349 F.3d 989, 1005 (7th Cir. 2003). The plaintiff bears the burden of proving that retaliation for the plaintiff's complaints was a motivating factor in the defendant's decision to act in the manner claimed. Pearson v. Welborn, 471 F.3d 732, 740 (7th Cir. 2006).

A. Retaliation for Silence

Plaintiff asserts that after his refusal to reveal information concerning a letter that was found in his possession, Defendant Cowan retaliated against Plaintiff's right to silence by writing him a disciplinary ticket, which was then upgraded by Defendant Inman, and Plaintiff was then sent to segregation by Defendants Lee and J. Goforth for his silence. Plaintiff next claims that Defendant Neipert further retaliated against Plaintiff for his silence by placing with Plaintiff a cellmate who was potentially aggressive and who had a history of declaring hunger strikes, even though Plaintiff was in segregation where inmates are typically housed in one-man cells.

As to Plaintiff's silence and subsequent acts taken by Defendants Cowan, Inman, Lee, and Goforth, in this instance Plaintiff has not shown that he was acted against for exercising a constitutional right. While Plaintiff elected to remain silent, Defendants Cowan, Inman, Lee, and Goforth's decision to use that silence as evidence of Plaintiff's guilt, and thus sending Plaintiff to segregation, does not amount to retaliation. Inmates are regularly sent to segregation when there is evidence of guilt found relating to a disciplinary incident, and the Supreme Court has stated that in civil cases "the Fifth Amendment does not forbid adverse inferences against parties ... when they refuse to testify in response to probative evidence offered against them." *Baxter v.*

*Palmigiano*, 425 U.S. 308, 318 (1976).  A prisoner at a disciplinary hearing may choose to remain silence, but that silence may be held as evidence against him. *Baxter v. Palmigiano*, 425 U.S. 308 (1976).  As such, Plaintiff was disciplined because his silence was held to be evidence of his guilt, and not because he simply refused to cooperate.

As to Defendant Neipert, Plaintiff has also not shown that any retaliatory actions took place.  Although Plaintiff argues that the placement of a cellmate in his cell amounted to a violation of his rights, the Supreme Court has stated that "[a]t most ... double celling inflicts pain," *Rhodes v. Chapman*, 452 U.S. 337, 348-49 (1981), but not the "unnecessary and wanton infliction of pain" that violates Plaintiff's rights. *Id.* at 346.  Further, Prison officials are afforded substantial deference in making decisions about what actions and objects present a threat to prison security and inmate rehabilitation. *Pell v. Procunier*, 417 U.S. 817, 827 (1974).  A court may "not substitute [its] judgment for [prison officials'] in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations" of security and rehabilitation. *Caldwell v. Miller*, 790 F.2d 589 (7th Cir. 1986)  Conditions of confinement which are "reasonably related to a legitimate and non-punitive government goal" are not unconstitutional. *Bell v. Wolfish*, 441 U.S. 520, 539 (1979).  Plaintiff does not have a constitutional right to remain in an empty cell.  Further, courts give great deference to the decisions of prison administrators in the placement of inmates.  Thus, Plaintiff has not suffered a loss of a constitutional right relating to Defendant Neipert's placement of a cellmate within Plaintiff's cell.

Because Plaintiff has not alleged that the actions of Defendants Cowan, Inman, and Neipert violated Plaintiff's constitutional rights, the claim for retaliation is dismissed as

6

against these Defendants with prejudice.

      B. Retaliation for Unnamed Actions

Plaintiff next alleges that Defendants Bauersachs, John Doe #1, Cowan, Inman, Neipert, Dunn, Mitchell, Maue, Cobb, John Doe #2, Anderson, and Mezo retaliated against Plaintiff when, after Plaintiff's cellmate declared a hunger strike and blocked the food slot to the cell, Plaintiff did not get a food tray until at the earliest, 3:00 PM that day. Such actions by Plaintiff's cellmate were ignored by Defendants Bauersachs, John Doe #1, Cowan, Inman, Neipert, Dunn, Mitchell, Maue, Cobb, John Doe #2, Anderson, and Mezo.

Defendants must be put on notice of a claim filed against them so that they may file an answer, though providing "the bare minimum facts" relating to the claim filed provides this notice. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Naming the cause for retaliation and the act constituting retaliation is all that is necessary to state a claim of improper retaliation. *Id.* Where a plaintiff alleges that defendants retaliated against him without identifying the act or acts claimed to have constituted retaliation, the complaint is insufficient, *cf. Muick v. Glenayre Electronics*, 280 F.3d 741, 743 (7th Cir. 2002), because the defendants would not have known how to respond.

Here Plaintiff has identified the act of retaliation by stating that Defendants Bauersachs, John Doe #1, Cowan, Inman, Neipert, Dunn, Mitchell, Maue, Cobb, John Doe #2, Anderson, and Mezo ignored Plaintiff's forced hunger strike. However, Plaintiff has not identified the cause for the retaliation, the alleged reason that these Defendants acted out against Plaintiff. As such, Defendants Bauersachs, John Doe #1, Cowan, Inman, Neipert, Dunn, Mitchell, Maue, Cobb, John Doe #2, Anderson, and Mezo have not been put on proper notice

as to the claim for retaliation, and for this reason the claim for retaliation against these Defendants is dismissed without prejudice.

### C. Retaliation for Filing Grievances

Plaintiff finally asserts that he was retaliated against by Defendant Schorn for filing grievances when, after he gave a grievance (grievance 4) to the prison library for copies, said grievance and copies were not returned until forty nine (49) days later by Defendant Schorn, the prison librarian.

A prisoner's grievances about prison conditions are protected where they are statements concerning matters of public concern in an attempt to change prison policy. Walker v. Thompson, 288 F.3d 1005, 1007-09 (7th Cir. 2002). A claim for retaliation will turn on whether the plaintiff can show that the events in question would have developed differently, if at all, absent the retaliatory motive. Mt. Healthy City School District v. Doyle, 429 U.S. 274, 287 (1977). In this instance Plaintiff alleges that a forty nine (49) day turn around time to receive copies from the library is unusual, and that the delay was caused by Defendant Schorn's desire to silence Plaintiff's grievances. The grievance at issue here (grievance 4) was in response to the prison's shower policy and the administration of that policy by Correctional Officers, a matter potentially affecting all inmates in the segregation unit. The filing of grievances by prisoners is a protected right where, as here, it involves a matter of public concern. Plaintiff need not yet offer proof at this stage that the actions taken by Defendant Schorn were motivated by retaliation, but must only state a claim alleging such conduct as well as the violation of some right or rights, which Plaintiff has. As such, the claim for retaliation against Defendant Schorn cannot be dismissed at this time.

**Count 2: Cruel and Unusual Punishment**

Plaintiff next claims that he was subjected to cruel and unusual punishment in violation of his Eighth Amendment rights when, after Plaintiff's cellmate declared a hunger strike and blocked the cell door, Defendants Cowan, Inman, Neipert, Dunn, Mitchell, Maue, Cobb, John Doe #2, Anderson, and Mezo did not remove either Plaintiff nor his cellmate to feed Plaintiff, despite the above named Defendants being made aware that Plaintiff was not himself involved in the hunger strike. Plaintiff further claims that his Eighth Amendment rights were infringed when, after being escorted to the shower room, Plaintiff's cellmate blocked the showerhead as Defendants Davis, Roy, Anthony, Phillips, and Chandler looked on and did nothing, so that Plaintiff did not receive the opportunity to shower.

The Eighth Amendment prohibiting cruel and unusual punishment is applicable to the states through the Fourteenth Amendment. It has been a means of improving prison conditions that were constitutionally unacceptable. *See, e.g., Robinson v. California*, 370 U.S. 660, 666 (1962); *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994). As the Supreme Court noted in *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981), the amendment reaches beyond barbarous physical punishment to prohibit the unnecessary and wanton infliction of pain and punishment grossly disproportionate to the severity of the crime .*Id.,* (*quoting Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). The Constitution also prohibits punishment that is totally without penological justification. *Gregg*, 428 U.S. at 183.

Not all prison conditions trigger Eighth Amendment scrutiny; only deprivations of basic human needs like food, medical care, sanitation, and physical safety. *See Rhodes,* 452 U.S. at 346 ; *See also James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992). In order to prevail

9

on a conditions of confinement claim, a plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims. *See McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994); *Wilson v. Seiter,* 501 U.S. 294, 302 (1991). The objective component focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment. *See Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992). The objective analysis examines whether the conditions of confinement "exceeded contemporary bounds of decency of a mature, civilized society." *Lunsford v. Bennett,* 17 F.3d 1574, 1579 (7th Cir. 1994). The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes v. Chapma*, 452 U.S. 337, 347 (1981); *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir 1987).

In addition to showing objectively serious conditions, a plaintiff must also demonstrate the subjective component to an Eighth Amendment claim. The subjective component of unconstitutional punishment is the intent with which the acts or practices constituting the alleged punishment are inflicted. *Jackson*, 955 F.2d at 22. The subjective component requires a prison official had a sufficiently culpable state of mind. *See Wilson v. Seiter,* 501 U.S. 294, 298 (1991); *McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994). In conditions of confinement cases, the relevant state of mind is deliberate indifference to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837; *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994). The deliberate indifference standard is satisfied if the plaintiff

shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. at 842. A failure of prison officials to act in such circumstances suggests that the officials actually want the prisoner to suffer the harm. *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992).

Plaintiff has satisfied the objective element of an Eighth Amendment claim as to the actions of Defendants Cowan, Inman, Neipert, Dunn, Mitchell, Maue, Cobb, John Doe #2, Anderson, and Mezo. Although Plaintiff was ultimately provided a food tray sometime during the 3:00 PM to 11:00 PM shift, Plaintiff was denied food that day up until that time. Although some, indeed many individuals may go without eating for a large portion of the day, Plaintiff has not stated any facts that indicate that he is one of those individuals, and thus it must be assumed that, absent facts to the contrary, foregoing two meals in a twenty four hour period amounts to a hardship that Plaintiff suffered putting him at potential risk of harm. Plaintiff has also met the subjective element of an Eighth Amendment claim as to these Defendants. Plaintiff states that he made Defendants Cowan, Inman, Neipert, Dunn, Mitchell, Maue, Cobb, John Doe #2, Anderson, and Mezo aware that he was not a participant in his cellmate's hunger strike, and that he wished to receive food. Again, although Plaintiff has not so stated, it must be considered that the Defendant's failure to provide Plaintiff with food until the later part of the day could have amounted to serious harm to Plaintiff, harm that could have been avoided had the Defendants elected to act once informed by Plaintiff of the issue. Because Plaintiff has satisfied both the objective and subjective elements as to Defendants Cowan, Inman, Neipert, Dunn, Mitchell, Maue, Cobb, John Doe #2, Anderson, and Mezo, his Eighth Amendment claim cannot be dismissed at this time.

11

Plaintiff has not satisfied the elements of his Eighth Amendment claim as to Defendants Davis, Roy, Anthony , Phillips, and Chandler.  Based on the facts alleged by Plaintiff, he was denied one shower when his cellmate refused to grant him access to the showerhead.  Although an Eighth Amendment claim can be raised when sanitation needs are not met, such a claim must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities.  *Rhodes v. Chapma*, 452 U.S. 337, 347 (1981).  It does not follow that the denial of the opportunity to shower one time is a serious deprivation that arises to Eighth Amendment status.  Although Defendants Davis, Roy, Anthony, Phillips, and Chandler were aware that Plaintiff was not allowed a shower, there is no indication that there was any serious risk of harm to Plaintiff resulting from the deprivation.  As a result, Plaintiff has not satisfied the elements of his Eighth Amendment claim against Defendants Davis, Roy, Anthony, Phillips, and Chandler, and this claim must be dismissed with prejudice against these Defendants at this time.

**Count 3: Due Process**

Plaintiff next contends that his due process rights were violated when, during a disciplinary hearing, Defendants J. Goforth and Lee considered statements made by a confidential source when making the determination to send Plaintiff to segregation.  Defendants J. Goforth and Lee then did not reveal the identity of the source to Plaintiff, nor give Plaintiff the opportunity to examine the accuser.

Prison disciplinary hearings satisfy due process requirements where an inmate is provided: (1) written notice of the charge against the prisoner twenty four (24) hours prior to the hearing; (2) the right to appear in person before an impartial body; (3) the right to call witnesses

and to present physical/documentary evidence, but only when doing so will not unduly jeopardize the safety of the institution nor correctional goals; and (4) a written statement of the reasons for the action taken against the prisoner. *See Wolff v. McDonnell*, 418 U.S. 539 (1974); *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988). Not only must the requirements of *Wolff* be satisfied, but the decision of the disciplinary hearing board must be supported by "some evidence." *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994). To determine whether this standard has been met, courts must judge whether the decision of the hearing board has some factual basis. *Webb v. Anderson*, 224 F.3d 649 (7th Cir. 2000). Plaintiff alleges that his inability to confront the unnamed source providing information against him means that the disciplinary hearing does not meat the requirements of due process. However, the Sixth Amendment does not apply to disciplinary hearings. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) ("Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply"); *Henderson v. United States Parole Com'n*, 13 F.3d 1073, 1078 (7th Cir. 1994) (in the context of a prison disciplinary hearing, prisoners "do not possess Sixth Amendment rights to confront and cross-examine witnesses").

Plaintiff was to be provided the opportunity to call his own witnesses and provide his own evidence if doing so did not jeopardize the prison, and there is no evidence suggesting that Plaintiff was not given these opportunities. The elements of due process do not require that Plaintiff be given the name of the confidential source, nor the ability to cross examine such source. As such, Plaintiff received a disciplinary hearing meeting all the standards of due process, and thus this claim for due process violations against Defendants J. Goforth and Lee must be dismissed with prejudice.

**Count 4: Deliberate Indifference to Grievances**

Plaintiff's final complaint alleges that Defendants Suhre and L. Goforth unlawfully ignored the grievances Plaintiff filed. Plaintiff filed five (5) grievances relevant to this action. Grievance 1 was ignored by Defendants Suhre and consequently denied once it was re-filed. Grievance 2 was reviewed and denied by the prison Warden, an unnamed party. Grievance 3 was reviewed and denied by employee Spiller, an unnamed party. Grievance 4 was denied by employee Benton, an unnamed party. And grievance 5 was ignored by Defendants Suhre and L. Goforth. Thus, Plaintiff alleges that grievance 5 was not acted upon by Defendants Suhre and L. Goforth.

However, the prison grievance system is in place as an administrative remedy, and such remedies must be entirely exhausted before an inmate may proceed with the related claim in court. *See* 42 U.S.C. §§ 1997e(a); *Pozp v. McCaughtery*, 286 F.3d 1022, 1023-24 (7th Cir. 2002); *Booth v. Churner*, 532 U.S. 731 (2001). Exhaustion of administrative remedies, pursuant to the Prison Litigation Reform Act (PLRA), is required for all prisoner suits seeking redress for prison circumstances or occurrences, regardless of whether they involve general circumstances of incarceration or particular episodes, and whether they allege Eighth Amendment violations based on use of excessive force or some other wrong. *Porter v. Nussle*, 534 U.S. 516 (2002); *Neal v. Goord,* 267 F.3d 116, 117-118 (2d. Cir. 2001); *Griffin v. Page*, 122 F.Supp.2d 930 (N.D.Ill.2000).

Because Plaintiff's grievance (grievance 5) filed to Suhre and L. Goforth is still pending, Plaintiff has not yet exhausted his administrative remedies pursuant to the Prison Litigation Reform Act. As a result, the claim for deliberate indifference against Defendants Suhre and L.

Goforth must be dismissed without prejudice.

**Disposition**:

    **IT IS HEREBY ORDERED** that Counts 1A, 2, and 3 are frivolous as to Defendants **COWAN, INMAN, NEIPERT, DAVIS, ROY, ANTHONY , PHILLIPS, CHANDLER, J. GOFORTH,** and **LEE** and thus the counts against these Defendants are **DISMISSED** from this action with prejudice.

    **IT IS FURTHER ORDERED** that Counts 1B and 4 are frivolous at this time as to Defendants **BAUERSACHS, JOHN DOE #1, COWAN, INMAN, NEIPERT, DUNN, MITCHELL, MAUE, COBB, JOHN DOE #2, ANDERSON, MEZO, SUHRE,** and **L. GOFORTH** and thus the counts against these Defendants are **DISMISSED** from this action without prejudice.

    **IT IS FURTHER ORDERED** that counts 1C and 2 survive as to Defendants **SCHORN, COWAN, INMAN, NEIPERT, DUNN, MITCHELL, MAUE, COBB, JOHN DOE #2, ANDERSON,** and **MEZO**, and the Clerk shall prepare for these Defendants :  (1) a Notice of Lawsuit and Request for Waiver of Service of Summons; and (2) a Waiver of Service of Summons.  The Clerk is directed to mail said forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's work address or employer address as provided by Plaintiff.  If a Defendant fails to sign and return the Waiver to the Clerk within 30 days from the date said forms were sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

    Service shall not be made on the Unknown (John Doe) Defendants until such time as

Plaintiff has identified them by name in a properly filed amended complaint.  Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the address provided by Plaintiff, the Correctional Center shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above, or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the court.  Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date on which a true and correct copy of any document was served on Defendants or their counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to  United States Magistrate **Judge Frazier** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to United States Magistrate **Judge Frazier** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should*

*all the parties consent to such a referral.*

Plaintiff is **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts during the pendency of this action.  This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to provide such notice may result in dismissal of this action. *See* FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

**Dated: January 6, 2011**

                                              s/ J. Phil Gilbert

                                              **U. S. District Judge**