# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHERRELL C. TOWNS | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 10-cv-264-JPG-PMF<br>) |
| REBECCA COWAN, et al., | )<br>)<br>) |
| Defendants. | )<br>) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

This case is before the Court on a sua sponte recommendation that plaintiff's remaining claim against John Doe #2 (part of Count 2) be dismissed with prejudice. Count 2 is a civil rights claim based on allegations that plaintiff was deprived of meals on January 25, 2008, while he was confined at Menard Correctional Center. The materials on file show that plaintiff made an effort to obtain an administrative remedy regarding the alleged deprivation of meals. The administrative remedy procedure ended on September 5, 2008.

On April 4, 2011, a Scheduling and Discovery Order was entered. That Order set June 10, 2011, as the deadline for an amendment identifying John Doe #2 (Doc. No. 60). Pending at this time is plaintiff's motion to extend the deadline (Doc. No. 92).

On June 21, 2011, plaintiff was ordered plaintiff to show cause why his meal deprivation claim against John Doe #2 should not be dismissed on the ground that the applicable statute of limitations has expired (Doc. No. 95). No response to the show cause order is on file.

When civil rights claims filed under 42 U.S.C. § 1983 are based on events in Illinois, they are governed by a 2-year statute of limitations. *Wilson v. Carcia*, 471 U.S. 261, 269 (1985); 735 ILCS 5/13-202. The allegations demonstrate that September 6, 2008, is the latest date on which the 2-year limitations period began to run on Towns' meal deprivation claim. The limitations period expired two years later, on September 6, 2010. Because plaintiff did not identify John Doe #2 before the limitations period expired, any amendment now or in the future to identify John Doe #2 would be futile. That type of amendment would not relate back to April 9, 2010, the date the Complaint was filed. Fed. R. Civ. P. 15; *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 915 (7th Cir. 2000). Accordingly, the claim against John Doe #2 is time-barred and should be dismissed.

IT IS RECOMMENDED that plaintiff's remaining claim against John Doe #2 (part of Count 2) be DISMISSED. If this recommendation is adopted, plaintiff's motion to extend the deadline for filing this amendment (Doc. No. 92) will be moot.

**SUBMITTED:** **July 21, 2011** **.**

   **S/Philip M. Frazier**
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**