# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHERRELL C. TOWNS | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 10-cv-264-JPG-PMF |
| REBECCA COWAN, et al., | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court are a motion for summary judgment, filed by defendants Keith Anderson, Rebecca Cowan, Daniel Dunn, John Inman, Thomas Maue, Thomas Mezo, Craig Mitchell, Russell Niepert, and Krista Schorn (Doc. No. 96) and plaintiff's motion for default judgment (Doc. No. 115). Plaintiff Sherrell C. Towns is proceeding on two § 1983 claims arising during his confinement at Menard Correctional Center in 2008. Specifically, Towns alleges that defendant Shorn violated his First Amendment right to be free from retaliation for filing grievances (Count 1 part C) and that the remaining defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by depriving him of two consecutive meals (Count 2).

The motion for summary judgment seeks a ruling in favor of defendants Anderson, Cowan, Dunn, Inman, Maue, Mezo, Mitchell, Niepert, and Schorn on two affirmative defenses: failure to exhaust administrative remedies and qualified immunity.[1] The motion for default judgment seeks

---

[1] Defendant Shorn has been identified as Krista Shorn and Krista Shorn Allsup. The name Krista Shorn is used in this Report. Defendant Todd Cowell did not join this motion.

that relief as a sanction for discovery abuses. Both motions are opposed. Responses, supplements, and replies are on file (Doc. Nos. 106, 109, 111, 112, 118, 121).

## I. Summary Judgment

Summary judgment will be entered if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The facts and all reasonable inferences are drawn in favor of the nonmoving party. *Ault v. Speicher,* 634 F.3d 942, 945 (7th Cir. 2011).

## II. Failure to Exhaust Administrative Remedies

Most of the defendants seek judgment in their favor on the affirmative defense of failure to exhaust administrative remedies. Plaintiff argues that he completed the administrative remedy process with respect to Count 2 and that he took all available steps with respect to the remaining aspect of Count 1.

This suit is subject to the Prison Litigation Reform Act, which provides that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. " 42 U.S.C. § 1997e(a). The Court of Appeals requires strict compliance with the statute. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Exhaustion means the prisoner has filed complaints and appeals "in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). As noted above, failure to exhaust administrative remedies is an affirmative defense and the defendants bear the burden of proof. *Obriecht v. Raemisch*, 517 F.3d 489, 492 (7th Cir. 2008).

The grievance process for prisoners in Illinois usually includes five levels of review. A prisoner first submits his grievance to a counselor. If the counselor's response is not satisfactory,

he may then submit a formal grievance to the grievance officer. The warden makes the final decision at the institutional level. A prisoner who is not satisfied by the warden's response may appeal to the Director. While appeals are handled initially by members of an administrative review board (ARB), the Director issues the final decision. 20 Ill. Admin. Code § 504.810 et seq.

In some circumstances, administrative remedy procedures may not be "available" to a particular prisoner. For example, a procedure is not available when prison officials refuse to provide the forms needed to initiate or complete the procedure. *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir.2004). Similarly, a remedy procedure may not be available if prison officials simply do not respond to an inmate's grievance. *Lewis v. Washington,* 300 F.3d 829, 833 (7th Cir.2002). Where the events relating to an inmate's use of the administrative remedy process are in dispute, the Court will hold an evidentiary hearing. The defense must be resolved before the merits of Towns' § 1983 claims are considered. *Pavey v. Conley*, 544 F.3d 739, 741 (7th Cir. 2008).

The parties have presented a complete record which describes both the steps needed to exhaust the prison's grievance procedure and a chronology of plaintiff's multiple efforts to utilize those steps. A careful review of the exhibits reveals no factual disputes requiring an evidentiary hearing. All that remains is for the Court to apply the law to the facts.

In support of Count 1, Towns alleges that defendant Shorn violated the First Amendment by taking retaliatory steps after he used the grievance process. Shorn's request for judgment in her favor is based on the affidavit of Sherry Benton. Benton serves a member of the ARB, and her statements show that Towns did not process a grievance regarding Shorn's alleged retaliatory acts through the final level of review (Doc. No. 97-1). In response, Towns has presented two pieces of evidence showing that he initiated the grievance process by describing Shorn's alleged retaliation in a formal grievance, which he prepared on June 6, 2008. A copy of this grievance is on file, along

with sworn statements that the grievance was filed with Linda Goforth, a correctional counselor at Menard Correctional Center, who failed to respond (Doc. No. 106-2, p. 12; 106-4, pp. 14-20). Towns supplements this evidence with background information suggesting significant mail/communication problems during the relevant time period (Doc. No. 106-3, pp. 8-9, 40; 106-4, pp. 7, 9).

These materials adequately show that Towns did not exhaust his administrative remedies because he did not receive a counselor's response to his June 6, 2008, grievance. Defendants question Towns' credibility and the authenticity of this grievance, suggesting that the absence of a staff response or stamp creates a factual dispute that should be resolved at a hearing (Doc. No. 109, p. 3). The Court is satisfied that the grievance has been authenticated through plaintiff's affidavit, that Towns is competent to testify regarding his grievance, and that Towns' statements are based on his personal knowledge. The document's physical appearance does not raise a factual issue to be resolved at a hearing. See Fed R. Evid. 901(b)(a); Fed. R. Civ. P. 56(c)(4).

Defendants also suggest that Towns should have filed further grievances regarding Count 1. The materials on file do not show that further remedies were available to Towns in the absence of a counselor response to the June 6, 2008, grievance. Moreover, the Court is not persuaded that Towns was required to separately grieve the absence of a counselor's response in order to satisfy the exhaustion requirement. In these circumstances, the only reasonable inference to be drawn is that an administrative remedy was not available to Towns with respect to his retaliation claim against defendant Schorn.

In Count 2, Towns is proceeding on an Eighth Amendment claim against nine defendants. The conduct at issue is their failure to feed him two consecutive meals in January, 2008. Eight of these defendants assert the exhaustion defense, pointing to incomplete efforts to complete the

process after initiating grievances on January 29 and rejection of a June 13, 2008, grievance. Those grievances are discussed below.

On January 29, 2008, Towns prepared two grievances. For purposes of this motion, the focus is on the grievance targeting staff conduct and raising dietary concerns (Doc. No. 97-1, pp. 21-28). That grievance complains about the same events supporting Count 2. Towns marked that grievance as an emergency and sent it to his counselor. While Towns did not receive a response from a counselor, the warden received the grievance seven weeks later, on March 21, 2008. The warden declined to treat the problem as an emergency and instructed Towns to submit the grievance in the normal manner (Doc. No. 97-1, p. 21).

Defendants suggest that Towns failed to exhaust this grievance by failing to follow the warden's instructions. The materials on file show that Towns was proactive. Rather than wait seven weeks for the warden's response to his emergency grievance, he resubmitted his grievance in the normal manner on February 8, 2008 and again on April 2, 2008 (Doc. Nos. 97-1, pp. 10-16, 31-46).

Towns properly directs the Court's attention to his February 8, 2008, grievance. That grievance pertains to Count 2 – the alleged deprivation of two consecutive meals – and was fully processed after being assigned the number 125-2-08. The grievance was received by the ARB on June 10, 2008, and was not rejected or returned to Towns. Rather, the grievance was considered by the ARB and resolved along with his related concerns about a disciplinary proceeding on September 8, 2008 (Doc. No. 97-1, pp. 3, 29).

The defendants point out that Sherry Benton returned a grievance to Towns after deciding that it was untimely. The returned grievance was not the one filed by Towns on February 8, 2008. The returned grievance was initially filed on June 13, 2008, and numbered 41-8-08. The Court

agrees with Towns that the ARB's rejection of his June 13, 2008, grievance does not lend support the affirmative defense. The June 13, 2008, grievance pertains not to missed meals but to missing grievance responses. The ARB returned that grievance to Towns on September 5, 2008 (Doc. No. 97-1, pp. 3, 5, 7-8).

In sum, a careful review of the chronology of events, grievances, and appeals supports a finding that Towns exhausted his available administrative remedies with respect to the events supporting Count 1, part C and Count 2. In other words, the defendants have not met their burden of proof on this affirmative defense.

### III. Qualified Immunity

The defendants assert their qualified immunity defense, contributing a few sentences to the issue (Doc. No. 97, p. 8). Because this affirmative defense is not supported by citation to evidence in the record or a discussion of relevant facts, this argument is underdeveloped. *Northwestern Nat. Ins. Co. v. Baltes*, 15 F.3d 660, 662-63 (7th Cir. 1994)(Observing that district judges are not archaeologists who must excavate masses of papers in search of revealing tidbits).

### IV. Default Judgment

Towns seeks default judgment as a sanction for a willful refusal to comply with an order compelling defendants Cowan, Inman, Niepert, Anderson, Mezo, Dunn, Mitchell, Maue, and Shorn to serve full and complete responses to his May 13, 2011, request for production of documents. The motion (Doc. No. 115) is opposed (Doc. No. 121).

Pursuant to Rule 37(b)(2), the Court may enter such orders as are just to punish or remedy a failure to comply with a discovery order. One possible sanction is the rendering of a default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A)(vi).

The Court has carefully reviewed the discovery order (Doc. No. 108), plaintiff's discovery requests (Doc. No. 105, pp. 7-17), responses served on August 25, 2011 (Doc. Nos. 115-1, pp. 12-19, 115-2, pp. 1-22), and plaintiff's affidavit and arguments. These defendants timely complied with the discovery order. See Fed. R. Civ. P. 5(b)(2)(C). The Illinois Department of Corrections is not a party to this litigation. If the individual defendants locate additional information that is responsive to plaintiff's requests, they have an obligation to supplement their response. Fed. R. Civ. P. 26(e)(1). Sanctions are not appropriate.

## V. Conclusion

IT IS RECOMMENDED that the motion for summary judgment (Doc. No. 96) be DENIED.

IT IS FURTHER RECOMMENDED that plaintiff's motion for default judgment (Doc. No. 115) be DENIED.

SUBMITTED:   November 15, 2011  .

   S/Philip M. Frazier
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**