UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHERRELL C. TOWNS, | |
| Plaintiff, | |
| v. | Case No. 10-cv-264-JPG-PMF |
| REBECCA COWAN, *et al.*, | |
| Defendants. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Sherrell C. Towns' motion (Doc. 139) for an extension of the deadline to object to the Report and Recommendation ("Report") (Doc. 131) of Magistrate Judge Philip M. Frazier recommending that the Court deny the motion for summary judgment filed by defendants Keith Anderson, Rebecca Cowan, Daniel Dunn, John Inman, Thomas Maue, Thomas Mezo, Craig Mitchell, Russell Niepert and Krista Schorn (Doc. 96) and the motion for default judgment filed by Towns (Doc. 115). Magistrate Judge Frazier issued the Report on November 15, 2011, along with a notice that objections to the Report were due fourteen days later. Considering the three extra days allowed for mailing under Federal Rule of Civil Procedure 6(d), the deadline was December 2, 2011. On November 15, 2011, the Court served the Report on Towns by sending it to Menard Correctional Center, where Towns is incarcerated, according to the electronic filing program to which the Court and the Illinois Department of Corrections have agreed. *See* United States District Court for the Central and Southern Districts of Illinois General Order 2010-1. The Court had not received any objection to the Report by December 16, 2011, so it reviewed the Report for clear error and, finding none, adopted it in its entirety.

Towns claims that he did not receive the Report until December 8, 2011, and even then only received one of the seven pages. He could tell how many pages were missing because the document's header pagination is in the format of "Page _[#]__ of _[total #]__." He intended to

mail a motion for an extension of time to object on December 12, 2011, but was placed in segregation on December 11, 2011.  He signed the pending motion on December 14, 2011, and placed it in the prison mail system on December 16, 2011.  It was docketed December 19, 2011.  Towns now asks the Court for a copy of the Report and for an extension of time to object to it.  He accuses the prison law library, the group at Menard that receives orders served by the Court, with deliberate delay in providing Towns with the Court's orders in this case.

Towns' motion is too late.  He knew as early as December 8, 2011, that he had not received the entire Report and would not be able to meet the deadline for objections.  Rather than filing a motion immediately, which he was able to do even in segregation and which, pursuant to the electronic filing procedure, Menard staff would have e-mailed to the Court at the end of the day, *see* General Order 2010-1 ¶ 2, he waited until December 16, 2011, to place a motion in the prison mailing system.  By then, the Court had already adopted the Report.  The Court will, however, direct the Clerk of Court to send a copy of the Report to Towns and, if he disagrees with the Court's decision to adopt the Report, he may ask the Court to reconsider its order.  As for Towns' complaints about the way Menard staff are implementing the electronic filing program, he may file an institutional grievance to bring his complaints to the attention of those at Menard with the power to resolve them.

For the foregoing reasons, the Court **DENIES** Towns' motion for an extension of the deadline to object to the Report (Doc. 139) and **DIRECTS** the Clerk of Court to e-mail a copy of the Report (Doc. 131) to the scanning clerk at Menard for delivery to Towns.

**IT IS SO ORDERED.**
**DATED:  December 28, 2011**

              s/ J. Phil Gilbert
              **J. PHIL GILBERT**
              **DISTRICT JUDGE**