UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHERRELL C. TOWNS,

    Plaintiff,

    v.

REBECCA COWAN, *et al.*,

    Defendants.

Case No. 10-cv-264-JPG-PMF

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Sherrell C. Towns' response to the motion for summary judgment filed by defendants Keith Anderson, Rebecca Cowan, Daniel Dunn, John Inman, Thomas Maue, Thomas Mezo, Craig Mitchell, Russell Niepert, and Krista Schorn Allsup (who is referred to as Schorn in this and prior filings) (Doc. 173) and motion to accept his late response or, alternatively, late objection (Doc. 174). The defendants object to Towns' motion to accept his late filing (Doc. 175). The defendants' motion for summary judgment (Doc. 146) was filed on January 30, 2012. When Towns asked the Court three times to delay ruling on the motion pursuant to Federal Rule of Civil Procedure 56(f) or extend his response deadline (Docs. 149, 158 & 165), the Court extended the response deadline until June 8, 2012. Nevertheless, Towns did not respond to the summary judgment motion by the extended deadline and did not request any further deadline extensions.

On June 15, 2012, Magistrate Judge Frazier issued a Report and Recommendation ("Report") (Doc. 170) recommending the Court grant the summary judgment motion. The Report was electronically transmitted to Menard Correctional Center, where Towns is housed, that same day. Towns did not object within fourteen days, as required by 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), and on July 10, 2012, the Court adopted the Report(Doc. 171), entered

judgment against Towns (Doc. 172) and transmitted those rulings electronically to Menard. The following day Towns placed into the prison mail system his response and motion to accept it late. He claims he never received the Court's order extending his third extension of the response deadline to June 8, 2012, that he attempted to request an additional extension while on a writ from a county jail, and that placement on lock-down and in segregation (only until June 14, 2012, the defendants point out) hampered his ability to file a timely response to the motion.

The Court believes Towns had ample opportunity to respond to the motion for summary judgment in a timely manner, to request a further extension of time, and to object to the Report's recommendation made in the absence of a response to the motion. Therefore, it will not accept his motion as a late response or objection. Nevertheless, the Court will construe Towns' motion as a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). Where a substantive motion for reconsideration is filed within 28 days of entry of judgment and asserts a ground for relief under Rule 59(e), the Court will construe it as a motion pursuant to Rule 59(e). *See Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008).

**I.      Motion to Alter or Amend Judgment (Doc. 174)**

Under Rule 59(e), a court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). It "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro*, 91 F.3d at 876. Rule 59(e) relief is only available if the movant clearly establishes one of the foregoing grounds for relief.

*Harrington*, 433 F.3d at 546 (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001)).

A. Retaliation by Schorn

Towns alleges that he gave a grievance about the prison shower policy, which he believed pandered to homosexuals, to a paralegal for copying. He believes the paralegal took the grievance to the prison law library where defendant Schorn was working as a law library supervisor. The grievance was returned to Towns several weeks later, and the next day defendants Mezo and Niepert changed Towns' cellmate assignment to place him with an inmate Towns believed to be homosexual. Towns believes Schorn read his grievance, shared Towns' complaints with Mezo and Niepert, and instigated his new cellmate assignment, all in retaliation for his filing the grievance. In adopting the Report, the Court adopted Magistrate Judge Frazier's findings that there was no evidence that Schorn knew about the content of the grievance, shared the contents with Mezo and Niepert or had anything to do with the new cellmate assignment.

The Court has reviewed the response submitted by Towns and finds that it does not justify relief under Rule 59(e). Furthermore, even if the Court were to construe it as a belated response to the defendants' summary judgment motion, the response does not point to any evidence from which a reasonable jury could find that Schorn knew about Towns' grievance, shared its contents with anyone else or was at all involved in the decision to give Towns a cellmate Towns believed to be homosexual.

B. Qualified Immunity Relating to Meal Deprivation

Towns also alleges that defendants Cowan, Inman, Niepert, Dunn, Mitchell, Maue, Anderson, Mezo, and Cowell violated his Eighth Amendment rights when they failed to feed

him breakfast and lunch one day. On that day, Towns' cellmate, who was on a hunger strike, blocked the slot in the door through which food was delivered. Towns believes the defendants should have removed his cellmate so that Towns could be fed. The Court adopted Magistrate Judge Frazier's findings that the defendants were entitled to qualified immunity because there was no evidence Towns was exposed to a substantial risk of harm from not eating two meals (he was fed dinner that day) and because the law was not clearly established at the time that deprivation of two meals in a row violated a prisoner's constitutional rights.

The Court has reviewed the response submitted by Towns and finds that it does not justify relief under Rule 59(e). Furthermore, even if the Court were to construe it as a belated response to the defendants' summary judgment motion, the response does not point to any evidence from which a reasonable jury could find that Towns was exposed to a substantial risk of harm by missing two consecutive meals over a 24-hour period. He has also not pointed to any Supreme Court or Seventh Circuit Court of Appeals caselaw clearly establishing that depriving an inmate of two meals in a row in Towns' circumstances was a constitutional violation.

    C.    <u>Other Claims</u>

In his Rule 59(e) motion, Towns also discussed numerous matters that were not in issue in the defendants' motion for summary judgment (Doc. 146) and were not material to the findings in the Report (Doc. 170). Towns' motion does not warrant reconsideration of the findings in the Report that were adopted by the Court.

Neither does Towns' presentation of those matters provide a basis for reconsideration of other claims the Court disposed of earlier in this litigation. The Court has already denied a motion to alter or amend the disposition of those claims once (Doc. 30), and nothing in Towns' current filing justified reexamining that decision.

**II.	Other Motions**

    A.	<u>Motion for Transmission of the District Court Record (Doc. 178)</u>

Towns asks the Court to certify the record on appeal and transmit it to the Court of Appeals. Preparation, certification and transmission of the record on appeal are governed by Federal Rule of Appellate Procedure 10 and 11 and Seventh Circuit Rules 10 and 11. There is no need for a motion from Towns to accomplish any of these tasks. Accordingly, the Court will deny the motion as moot.

    B.	<u>Motion for a Copy of the Record (Doc. 182)</u>

Towns asks the Court for a free copy of the record in this case for his appeal. The Court notes that the Clerk of Court will prepare the record on appeal at no cost to Towns. Additionally, Towns has been served with every document entered by the Court or filed by the defendant. He has not demonstrated why he needs additional copies of these documents. Finally, to the extent Towns may be requesting transcripts, there were no court proceedings in this case for which transcripts could be prepared. Accordingly, the Court will deny his motion without prejudice.

    C.	<u>Motion for Leave to Appeal *In Forma Pauperis* (Doc. 183)</u>

Towns asks the Court for leave to proceed on appeal *in forma pauperis*. A federal court may permit a party to proceed on appeal without full pre-payment of fees provided the party is indigent and the appeal is taken in good faith. 28 U.S.C. § 1915(a)(1) & (3); Fed. R. App. P. 24(a)(3)(A). A frivolous appeal cannot be made in good faith. *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). The test for determining if an appeal is in good faith or not frivolous is whether any of the legal points are reasonably arguable on their merits. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (citing *Anders v. California*, 386 U.S. 738 (1967)); *Walker v. O'Brien*, 216

F.3d 626, 632 (7th Cir. 2000).

Towns has not submitted a copy of his prison trust fund account activity as required by 28 U.S.C. § 1915(a)(2). The Court cannot determine whether Towns is able to pay the appellate filing fee without reviewing this document. The Court will direct the Clerk of Court to request the required statement from the Trust Fund Officer at Menard Correctional Center before ruling on his motion for leave to proceed *in forma pauperis.*

### III.   Conclusion

For the foregoing reasons, the Court:

- **DENIES** Towns' motion to accept his late response or, alternatively, late objection, which the Court construes as a motion to alter or amend the judgment pursuant to Rule 59(e) (Doc. 174);

- **DENIES as moot** Towns' motion for transmission of the district court record (Doc. 178);

- **DENIES without prejudice** Towns' motion for a copy of the record (Doc. 182);

- **DIRECTS** the Clerk of Court to request a certified copy of Towns' prison trust fund account statement for the six-month period immediately preceding the filing of the notice of appeal from the Trust Fund Officer at Menard Correctional Center on or before October 12, 2012; and

- **RESERVES RULING** on Towns' motion for leave to appeal *in forma pauperis* (Doc. 183) pending receipt and review of his trust fund statement.

**IT IS SO ORDERED.**
**DATED:  September 19, 2012**

> s/ J. Phil Gilbert
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**